IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:17CV92-RJC-DSC

| | |
|---|---|
| MARANDA K. CORVIN,<br>       Plaintiff,<br><br>    vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Acting Commissioner of Social**<br>**Security Administration,**<br>       Defendant. | )<br>)<br>)<br>)   **MEMORANDUM AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #14), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on June 2, 2017. She assigns error to the Administrative

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

Law Judge's ("ALJ") formulation of her mental Residual Functional Capacity ("RFC").[2] See Plaintiff's "Memorandum ..." at 5-13 (document #11). Plaintiff also contends that the ALJ failed to resolve conflicts between the Vocational Expert's (V.E.) testimony and the Dictionary of Occupational Titles ("DOT"). Id. at 14-24.

The ALJ found that Plaintiff has moderate limitations in her ability to maintain social function, concentration, persistence and pace. (Tr. 24). The ALJ then found that Plaintiff retained the RFC to perform light work[3] with limitations to:

> the option to alternate sitting or standing at will…. further limited to simple, routine, repetitive task[s] in a low production, low stress work environment and occasional exposure to people.

(Tr. 25). The ALJ further found that Plaintiff could not perform her past relevant work. (Tr. 34). Based upon a hypothetical that factored in the above limitations, the V.E. testified that Plaintiff could perform jobs as a checker I (DOT number 222.687-010), mail clerk (DOT number 209.687-026), and garment sorter (DOT number 222.687-014). (Tr. 64). The V.E. stated that there was no conflict between her testimony and the DOT. Id.

Accordingly, the ALJ found that Plaintiff was able to perform other work that existed in significant numbers in the national economy and was not disabled within the meaning of the Social Security Act. (Tr. 35-36).

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). (emphasis added).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson,

3

483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[4] as that term of art is defined for Social Security purposes.

Plaintiff challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

The Court finds that the ALJ's determination was based upon substantial evidence supporting a limitation to "the option to alternate sitting or standing as will…. further limited to simple, routine, repetitive task[s] in a low production, low stress work environment and occasional exposure to people." (Tr. 25). See Mascio, 780 F.3d at 638 ("[t]he ability to perform simple tasks differs from the ability to stay on pace. Only the later limitation would account for a claimant's limitation in concentration, persistence or pace"); Jarek v. Colvin, 3:14cv620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015) aff'd by 2016 WL 626566 (W.D.N.C. Feb. 16, 2016) aff'd by 2017 WL 129024 (4th Circuit Jan. 13, 2017) (moderate limitation in pace adequately addressed by "limitation to simple, routine, repetitive tasks not at an assembly line pace").

Plaintiff also argues that the RFC does not account for her moderate difficulties in social functioning. The RFC included an explicit limitation to only occasional exposure to people. (Tr. 25). This Court recently addressed a similar argument:

> As for the meaning of "occasional interpersonal interactions," the Court maintains that the phrase means exactly what it says: occasional—as opposed to regular—interpersonal interactions. This limits Plaintiff's work related setting in terms of

5

how much interaction she can maintain with others.

Darby v. Berryhill, 2018 WL 310136 at *7, No. 1:16-cv-00366-RJC (W.D.N.C. Jan. 5, 2018). See also Tanner v Colvin, No. 4:15-cv-27-FL, 2016 WL 626493 (EDNC Jan. 26. 2016) (adopted by 2016 WL 617431, Feb. 16. 2016) (finding that "occasional exposure to people" adequately accounted for moderate difficulty in social functioning). The limitation to "occasional exposure to people" adequately accounts for moderate difficulties in social functioning.

Finally, Plaintiff contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving apparent conflicts with the DOT. In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

The V.E. testified that Plaintiff could perform jobs as a checker I (DOT number 222.687-010), mail clerk (DOT number 209.687-026), and garment sorter (DOT number 222.687-014). (Tr. 64). Plaintiff argues that the DOT descriptions for checker I and mail clerk do not address the

6

frequency of contact with others. However, the DOT clearly defines these jobs' relationship with people as "Not Significant." DICOT 222.687-010, 1991 WL 672130; DICOT 209.687-026, 1991 WL 671813. Therefore, the V.E.'s testimony is consistent with the DOT.

Plaintiff next argues that because the ALJ did not define a "low production work environment," there is a conflict with the garment sorter job. The V.E. testified that while the garment sorter job could be performed on a production line or in a retail store, he was including only the retail store option in his response. (Tr. 35).

Plaintiff alleges that the V.E.'s testimony identifying all three jobs as involving simple, routine, repetitive tasks conflicts with the jobs' Reasoning Levels of 2 and 3 as identified in the DOT. This Court has consistently held that there is no conflict between Reasoning Level 2 or 3 work and a limitation to simple routine repetitive tasks. Thomas v. Berryhill, No. 3:16-CV-836-MOC, 2017 WL 3595494, at *5 (W.D.N.C. Aug. 21, 2017) (quoting Carringer v. Colvin, No. 2:13-CV-00027-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014)); Keller v. Berryhill, No. 5:17-CV-1-FDW, 2017 WL 3710085, at *3 (W.D.N.C. Aug. 28, 2017) (citations omitted); Clontz v. Astrue, No. 2:12-CV-12-FDW, 2013 WL 3899507, at *5 n.6 (W.D.N.C. Jul. 29, 2013).

Similarly, there is no conflict between the DOT and the "option to alternate sitting or standing at will," even though the DOT does not include that option. See Cogar v. Colvin, No. 3:13–CV–380–FDW, 2014 WL 1713795 at *7 (W.D.N.C. April 30, 2014) ("Because the DOT is silent on the availability of the option, it cannot be said that a VE testifying about the option would be in conflict with the DOT"); Lusk v. Astrue, 1:11–CV–196–MKR, 2013 WL 498797, at *5 (W.D.N.C. Feb. 11, 2013) ("The DOT is silent as to the availability of a sit/stand option for these particular positions; as such, it was entirely proper for the ALJ to obtain and consider VE testimony in order to supplement the DOT job descriptions").

The ALJ's step five analysis was proper.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. <u>RECOMMENDATIONS</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #10) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #14) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th

Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: February 7, 2018

_____
David S. Cayer
United States Magistrate Judge