UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-92-RJC-DSC

| MARANDA K. CORVIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Maranda K. Corvin's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 10), her Memorandum in Support, (Doc. No. 11); Nancy A. Berryhill's ("Defendant's" or "Commissioner's") Motion for Summary Judgment, (Doc. No. 14), her Memorandum in Support, (Doc. No. 15); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 16), recommending the Court grant Defendant's Motion for Summary Judgment. Plaintiff filed a timely Objection to the M&R, (Doc. No. 17), and Defendant filed a timely Response to Plaintiff's Objections, (Doc. No. 18). The Motions are now ripe for the Court's consideration.

I.     BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as reproduced below:

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on June 2, 2017. She assigns error to the Administrative Law Judge's ("ALJ") formulation of her mental Residual Functional Capacity ("RFC").[1] See Plaintiff's "Memorandum ..." at 5-13 (Doc. No. 11). Plaintiff also contends that the ALJ failed to resolve conflicts between the Vocational Expert's (V.E.) testimony and the Dictionary of Occupational Titles ("DOT"). Id. at 14-24.

The ALJ found that Plaintiff has moderate limitations in her ability to maintain social function, concentration, persistence and pace. (Tr. 24). The ALJ then found that Plaintiff retained the RFC to perform light work[2] with limitations to:

> the option to alternate sitting or standing at will…. further limited to simple, routine, repetitive task[s] in a low production, low stress work environment and occasional exposure to people.

(Tr. 25). The ALJ further found that Plaintiff could not perform her past relevant work. (Tr. 34). Based upon a hypothetical that factored in the above limitations, the V.E. testified that Plaintiff could perform jobs as a checker I (DOT number 222.687-010), mail clerk (DOT number 209.687-026), and garment sorter (DOT number 222.687-014). (Tr. 64). The V.E. stated that there was no conflict between her testimony and the DOT. Id.

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, <u>a job is in this category when it requires a good deal of walking or standing</u>, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b) (emphasis added).

> Accordingly, the ALJ found that Plaintiff was able to perform other work that existed in significant numbers in the national economy and was not disabled within the meaning of the Social Security Act. (Tr. 35-36).

(Doc. No. 16).

## II. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation.

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

### B. Review of a Final ALJ Decision under the Social Security Act.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d

3

31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

4

## III. DISCUSSION

On appeal, Plaintiff asks the Court to remand the ALJ's decision finding her not disabled under the Social Security Act. (Doc. No. 11). The Magistrate Judge, however, recommends that the Court reject Plaintiff's arguments and affirm the ALJ's decision. (Doc. No. 16). Plaintiff now objects to the Magistrate Judge's M&R, arguing that: (1) the ALJ improperly assessed Plaintiff's mental residual functional capacity; (2) the ALJ improperly assessed Plaintiff's moderate limitations in social functioning; (3) the M&R incorrectly defined Plaintiff's recommended jobs as being "Not Significant" in their relation with people; (4) the M&R incorrectly found no apparent conflict with Plaintiff's RFC and her recommended jobs' reasoning levels; and (5) the M&R relied on superseded case law when analyzing the RFC's sit/stand option. (Doc. No. 17). For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

### A. The ALJ Properly Assessed Plaintiff's Mental Residual Functional Capacity.

On appeal, Plaintiff asserts that the ALJ improperly and insufficiently assessed her mental residual functional capacity ("RFC"). (Doc. No. 17 at 1). Specifically, Plaintiff argues that the ALJ failed to assess her "ability to stay on task given the ALJ determined she has moderate difficulties in maintaining concentration, persistence, and pace" ("CPP"). Id. The Court agrees with the

Magistrate Judge's determination that a moderate limitation in CPP was adequately addressed by the ALJ. (Doc. No. 16 at 5).

To begin with, Plaintiff correctly cites <u>Mascio</u> for the proposition that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" (Doc. No. 17 at 2). "The ability to perform simple tasks differs from the ability to stay on task." <u>Mascio</u>, 780 F. 3d at 638. "Only the latter limitation would account for a claimant's limitation in concentration, persistence, or task." <u>Id.</u> In light of this language, however, Courts in the Fourth Circuit have held that a moderate limitation in CPP is adequately addressed by an ALJ when he or she compounds a limitation to simple routine, repetitive tasks with an additional restriction, such as pace.[3]

---

[3] <u>See, e.g.,</u> <u>Sizemore v. Berryhill</u>, 878 F.3d 72, 81 (4th Cir. 2017); <u>Gill v. Berryhill</u>, No. 317-CV-00430FDWDSC, 2018 WL 2107196, at *4 (W.D.N.C. May 7, 2018); <u>Watts v. Berryhill</u>, No. 3:16-cv-00850-FDW, 2017 WL 6001639, at *4 (W.D.N.C. Dec. 4, 2017) ("The ability to concentrate, persist, or maintain pace refers to the abilities to focus attention on work activities and to stay on task at a sustained pace. Thus, a limitation to a non-production pace accounts for limitations in concentration, persistence, or pace found in step three.") (citations omitted); <u>Jarek v. Colvin</u>, 3:14-CV-620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Feb. 16, 2016) <u>aff'd by</u> 2017 WL 129024 (4th Cir. Jan. 13, 2017) (concluding that recommendations to performance of "simple, routine, repetitive" tasks "not at an assembly line pace" adequately account for a moderate limitation in concentration, persistence, and pace); <u>Grant v. Colvin</u>, 1:15CV00515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016) ("Where, as here, the ALJ has included a specific restriction that facially addresses 'moderate' . . . limitation in the claimant's ability to stay on task, i.e., a restriction to 'non-production oriented' work, <u>Mascio</u> does not require further explanation by the ALJ, at least absent some evidentiary showing by the claimant . . . that he or she cannot perform even non-production-type work because of his or her particular CPP deficits.").

6

Plaintiff's moderate difficulty in CPP was therefore sufficiently translated in her RFC because she was limited to "simple, routine, repetitive task[s] *in a low production, low stress work environment.*" (Doc. Nos. 9 to 9-1; Administrative Record ("Tr.") at 25) (emphasis added). A limitation in pace addresses Plaintiff's ability to stay on task.

      B.    <u>The ALJ Properly Assessed Plaintiff's Moderate Limitations in Social Functioning.</u>

Plaintiff argues that the ALJ neither defined nor explained her limitation to "exposure to people" and thus improperly assessed her moderate limitation in social functioning. (Doc. No. 17 at 6). Plaintiff also challenges the M&R's reliance on <u>Darby v. Berryhill</u>, No. 1:16-cv-366-RJC, 2018 WL 310136 (W.D.N.C. Jan 5, 2018). (<u>Id.</u> at 6-7). <u>Darby</u> featured a plaintiff limited to "occasional interpersonal interaction." 2018 WL 310136, at *2. Here, the ALJ's RFC limits Plaintiff's social functioning to "occasional *exposure* to people." (Tr. 25) (emphasis added).

The M&R correctly interprets the relevant law. As provided in <u>Darby</u>, "occasional exposure to people," like "occasional interpersonal interaction," is to be interpreted in its plain meaning. 2018 WL 310136, at *7 (maintaining that the phrase "occasional interpersonal interactions" means "exactly what it says: occasional—as opposed to regular—interpersonal interactions"). Plaintiff's moderate difficulties in social functioning are thus adequately accounted for in the ALJ's limitation.

7

C.  The M&R Correctly Identified Plaintiff's Proposed Jobs as Being "Not Significant" in Their Relation to People.

The ALJ found that Plaintiff could perform the following jobs: Checker 1, DOT # 222.687-010; Mail Clerk Non-Post Office, DOT # 209.687-026; and Garment Sorter, DOT # 222.687-014. (Tr. 35). Plaintiff objects to the M&R's conclusion that the DOT defines the jobs Checker I and Mail Clerk as having "Not Significant" levels of relationship with people. (Doc. No. 17 at 8). Plaintiff alleges the DOT descriptions for Checker I and Mail Clerk do not address their relative frequency of contact with others. (Doc. No. 17 at 8). The Court disagrees. The M&R correctly noted that the DOT explicitly defines these jobs as "Not Significant" in their relationship with people. (Doc. No. 16 at 7); DICOT 222.687-010, 1991 WL 672130; DICOT 209.687-026, 1991 WL 671813. Relatedly, the recommended occupations of Checker and Garment Sorter can be completed without any human interaction or interference. The Vocational Expert's ("VE") testimony is thus consistent with the DOT and remand is not appropriate on this matter.

D.  The VE's Testimony to Reasoning Level 2 Occupations Does Not Conflict with Plaintiff's RFC.

Plaintiff argues that an apparent conflict exists between the VE's recommended jobs and her limitation to "simple, routine, repetitive tasks." Under the DOT descriptions, Checker I and Garment Sorter possess a Reasoning Level 2, which requires workers to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT App. C, 1991 WL 688702

8

(1996). While Plaintiff cites to the unpublished Fourth Circuit case, Henderson v. Colvin, for the proposition that a conflict arises between Reasoning Level 2 jobs and a claimant's limitation to simple, routine, repetitive tasks, that case involved a limitation of "only one-to-two step instructions."[4] 643 Fed. App'x 273m 276–77 (4th Cir. 2016). Here, Plaintiff's RFC features a limitation to simple, routine, repetitive tasks. (Tr. 25). Reasoning Level 2 jobs "do not imply an apparent conflict with a work limitation to simple, routine, repetitive work." Bethea v. Berryhill, 5:17-CV-145, 2018 WL 1567356, at *4 (W.D.N.C. Mar. 30, 2018); see also Thomas v. Berryhill, No. 3:16-CV-836-MOC, 2017 WL 3595494, at *5 (W.D.N.C. Aug. 21, 2017) (quoting Carringer v. Colvin, No. 2:13-CV-00027-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014) ("there is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an individual to perform such work is consistent with [Reasoning Level 2].")). Therefore, the M&R correctly concluded no conflict exists between Reasoning Level 2 occupations and a limitation to "simple, routine, repetitive tasks." (Doc. No.

---

[4] Plaintiff acknowledges the disparity in Henderson's limitation to "one-to-two step instructions" as compared to Plaintiff's limitation to "simple, repetitive, routine, tasks" in her Memorandum in Support of Motion for Summary Judgment. (Doc. No. 11 at 18-20). Plaintiff also relies on this District's cases of Adkins v. Berryhill, 1:15-CV-000001-RJC, 2017 WL 1089194 (W.D.N.C. Mar. 21, 2017), and Lorch v. Berryhill, No. 3:16-CV-00076-RJC, 2017 WL 1234203 (W.D.N.C. Mar. 31, 2017). These cases found an apparent conflict with jobs requiring Reasoning Level 3, and therefore do not hold persuasive value with respect to Plaintiff's challenges for conflict with the VE's recommendation of Reasoning Level 2 occupations. The Court addresses Plaintiff's claims against the VE's recommendation of Reasoning Level 3 occupations below.

16 at 7).

  E. <u>The VE's Testimony to Reasoning Level 3 Occupations Conflicts with Plaintiff's RFC.</u>

With regard to the VE's recommended occupation of Mail Clerk, DOT #209.687-026, the Court agrees with Plaintiff's objection that an apparent conflict exists between its Reasoning Level 3 requirement and the ALJ's limitation to "simple, routine, repetitive task[s]." (Tr. 35). Level 3 Reasoning requires claimants to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT, App. C, 1991 WL 688702.

With no consensus in the Fourth Circuit or in this District on such matters, the Court relies on persuasive precedent and maintains its holding in <u>Lorch v. Berryhill</u>, 2017 WL 1234203, at *5 (W.D.N.C. Mar. 31, 2017), and <u>Bethea v. Berryhill</u>, 2018 WL 1567356, at *4 (W.D.N.C. Mar. 20, 2018). Both <u>Lorch</u> and <u>Bethea</u> relied on <u>Adkins v. Berryhill</u>, 2017 WL 1089194 (W.D.N.C. Mar. 21, 2017), which concluded that an apparent conflict exists between an occupation that requires a Reasoning Level 3 and a limitation for "simple, routine, repetitive tasks." <u>Lorch</u>, 2017 WL 1234203, at *5; <u>Bethea</u>, 2018 WL 1567356, at **3–4. Those cases also relied on a Ninth Circuit case, <u>Zavalin v. Colvin</u>, which concluded that an apparent conflict exists between Reasoning Level 3 and a limitation to simple, routine, and repetitive tasks. 778 F.3d 842, 847 (9th Cir. 2015). The <u>Zavalin</u> court reasoned that such a limitation was more consistent with Reasoning Level 2 than Reasoning Level 3. <u>Id.</u> Specifically,

10

the <u>Zavalin</u> court noted that a limitation to simple, routine tasks is "at odds with Level 3's requirements because 'it may be difficult for a person limited to simple, repetitive tasks to follow instructions in "diagrammatic form" as such instructions can be abstract.'" <u>Id.</u> (quoting <u>Adams v. Astrue</u>, 496 F.3d 918, 921 (8th Cir. 2007)). Here, the Court notes two additional differences between Reasoning Level 2 and Reasoning Level 3's compatibility with a limitation to simple, routine, and repetitive tasks. First, Reasoning Level 2 specifies "detailed but *uninvolved* written or oral instructions." DOT, App. C, 1991 WL 688702 (emphasis added). Reasoning Level 3's instructions are not so limited. Second, Reasoning Level 2 includes "problems involving *few* concrete variables" where Reasoning Level 3 includes "problems involving *several* concrete variables." <u>Id.</u> (emphasis added). These differences justify finding an apparent conflict between plaintiffs limited to simple, routine, repetitive tasks and occupations requiring Reasoning Level 3.

Plaintiff's limitation to "simple, routine, repetitive tasks" therefore conflicts with the VE recommended Reasoning Level 3 occupation of Mail Clerk. However, this finding alone does not require a remand. While the ALJ erred in failing to investigate this apparent conflict with Reasoning Level 3 occupations, Plaintiff's remaining recommended jobs, Checker I (70,070 jobs) and Garment Sorter (215,000 jobs), both hold a significant number of jobs in the national economy and satisfy as a significant number of available occupations for Plaintiff.[5] (Tr. 35). As a result, this

---

[5] "While there is no established minimum number to be satisfied, the

Court finds no reason for remand on this issue.

>   F.   The M&R Relied on Proper Case Law to Assess the ALJ's Job Recommendations in Combination with a Sit/Stand Limitation.

Plaintiff objects to the M&R's citation of cases when analyzing Plaintiff's sit/stand option. (Doc. No. 17 at 9). Plaintiff contends the M&R's support has been superseded by the Fourth Circuit's decision in Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015). While the Court acknowledges Pearson's effect in raising the ALJ's responsibility in addressing apparent conflicts, there is no apparent conflict present in this case. The DOT's silence on the availability of an option does not raise an apparent conflict worthy of acknowledgment. (Doc. No. 16 at 7). Plaintiff correctly defines an apparent conflict to be any testimony that "seems to, but does not necessarily, conflict with the *Dictionary*." Pearson, 810 F.3d at 209. (Doc. No. 17 at 9-10). But, the Fourth Circuit clarifies that this finding does not mean "all possible conflicts must be identified and resolved" because this view "would require the ALJ to do more than simply compare the express language of the *Dictionary* and the vocational expert's testimony, and would allow the claimant to nitpick an ALJ's or expert's word on appeal." Id. Applying Pearson to this case, "because the DOT is silent as to a sit/stand option, there is no conflict between the VE's testimony and the

---

Commissioner's burden has been satisfied in other matters on the basis of less than half as many jobs existing in the national economy." Bethea, 2018 WL 1567356, at *4 (citing Cogbar v. Colvin, 2014 WL 1713795 (W.D.N.C. 2014) (holding that 35,000 jobs in the national economy accounted for sufficient numbers)).

DOT and the error is therefore harmless . . . ." Williams v. Colvin, No. 5:15-CV-60-RJ, 2016 WL 1276415, at *5 (E.D.N.C. Mar. 30, 2016). If anything, when "the DOT is silent, an ALJ has greater leeway to rely on the experience and testimony of a VE." Gordon v. Berryhill, No. 3:16-CV-130, 2017 WL 5759940, at *4 (W.D.N.C. Nov. 28, 2017) (citing Lusk v. Astrue, 2013 WL 498797, at *5 (W.D.N.C. Feb. 11, 2013) ("The DOT is silent as to the availability of a sit/stand option for these particular positions; as such, it was entirely proper for all the ALJ to obtain and consider VE testimony in order to supplement the DOT job descriptions.")). With no apparent conflict between the DOT's description and the sit/stand option, the Magistrate Judge's conclusion remains consistent with Pearson.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **DENIED**;
2. Defendant's Motion for Summary Judgment (Doc. No. 14), is **GRANTED**;
3. that the Commissioner's determination be **AFFIRMED**; and
4. The Clerk of Court is directed to close this case.

Signed: August 7, 2018

Robert J. Conrad, Jr.
United States District Judge

13